**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Tuesday, the 30th day of March, 2004.

Dennis Mitchell Orbe,                                            Petitioner,

  against             Record No. 040597

William Page True, Warden,
  Sussex I State Prison,                                      Respondent.

Upon a Petition for a Writ of Habeas Corpus

Petitioner's motion to proceed in forma pauperis is granted.

Upon consideration of the "Second Petition for a Writ of Habeas Corpus" and "Motion for Expedited Consideration and Application for a Stay of Execution" filed March 22, 2004, the respondent's motion to dismiss, and the petitioner's opposition to motion to dismiss and reply in support of the motion for stay of execution, the Court is of the opinion that the respondent's motion should be granted, petitioner's stay of execution should not issue, and the writ should not issue.

Petitioner alleges that his execution by lethal injection, "without first changing to a more humane protocol," will violate his rights to due process and constitute cruel and unusual punishment under the Virginia and United States Constitutions. However, Petitioner acknowledges in his petition that "this is not an appropriate claim to raise in a petition for a writ of habeas corpus," and that the "instant petition is prophylactic. Orbe has

filed it to provide an alternative mechanism for relief."  He

further states:

> The reason why this is not an appropriate habeas corpus claim
> is that Orbe does not challenge either the fact or duration of
> his imprisonment, does not challenge his death sentence, and
> does not seek a determination that he is entitled to immediate
> or speedier release.  These are the distinguishing hallmarks
> of a habeas claim, as the Court spelled out in <u>Preiser v.
> Rodriguez</u>, 411 U.S. 475 (1973).  Virginia law similarly
> confines the scope of habeas corpus actions.

We agree with Orbe. Consequently, we hold that this Court does

not have original jurisdiction to consider his petition.

Accordingly, the petition is dismissed.


                          A Copy,

                             Teste:



                                  Patricia H. Krueger, Clerk